No. 84-498

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

          Plaintiff and Respondent,

-vs-

DENNIS D. THORNTON,

          Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Donald L. Shaffer, Libby, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Ted O. Lympus, County Attorney, Kalispell, Montana
        Michael Prezeau, Deputy County Attorney, Kalispell,
        Montana

Submitted on briefs: July 11, 1985

Decided: October 31, 1985

Filed: OCT 31 1985

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Eleventh Judicial District, Flathead County, declaring Dennis D. Thornton guilty of obstructing a peace officer or other public servant, aggravated assault, and escape, in violation of § 45-7-302, MCA, § 45-5-202, MCA, and § 45-7-306, MCA, respectively. We affirm.

On August 31, 1983, in the afternoon, Art Sarnow, an enforcement officer with the Montana Department of Highways, observed a tractor-trailer hauling a skidder and caterpillar which appeared to be overweight and overwidth. Officer Sarnow gave pursuit. He activated the pursuit lights on the top of his patrol car, but the truck did not stop. Officer Sarnow continued to pursue, and at one point drew up along side the truck and motioned to the driver to pull over. Finally, after three miles of pursuit, the truck pulled off the highway onto a private driveway.

Officer Sarnow approached the driver of the truck, Gary Wood, as he emerged from the vehicle and asked him to produce various permits and records. In the meantime, Officer Sarnow observed the passenger in the truck, defendant Dennis Thornton, who went to the rear of the trailer and began unchaining the skidder with the evident intention of removing it from the trailer. Since Officer Sarnow intended to weigh the trailer with his portable scales to determine if it was overweight, he went to the rear of the trailer to ask Thornton not to unload it at this time. When his request was ignored, Officer Sarnow repeated the request. Thornton again ignored Officer Sarnow's request, and continued to unchain the skidder.

After talking further with Mr. Wood and continuing to observe Thornton unchain the skidder and prepare to remove

2

it, Officer Sarnow returned to Thornton and advised him that he was under arrest for refusing to allow the weighing of the trailer. At this time, Thornton lifted a chain binder above his head and threatened to bash Officer Sarnow's head-in if he did not get away.

Officer Sarnow retreated from Thornton in fear of his own safety, and called for police assistance on his radio. At this point, Officer Sarnow repeated to Thornton that he was under arrest and should not remove the skidder. Thornton continued to unload the skidder and caterpillar and after doing so, prepared to leave alone in a pick-up. Officer Sarnow again informed Thornton that he was under arrest and should not leave. Thornton then left the scene and was later apprehended.

Thornton was subsequently found guilty in Justice Court on October 18, 1983, of the misdemeanor charge of obstructing a peace officer or other public official in violation of § 45-7-302(1), MCA. Thornton then appealed his conviction to the District Court and the appeal was consolidated with the two felony charges of aggravated assault and escape in violation of § 45-5-202(1)(c), MCA, and § 45-7-306(3)(b)(ii), MCA, respectively. A jury trial commenced on March 19, 1984, and Thornton was found guilty of all three charges. He was sentenced to a total of five years imprisonment with two years suspended, and was given two $500 fines. Defendant appeals his convictions.

The following issues are raised by this appeal:

(1) Whether the defendant was entitled to an instruction on resisting arrest?

(2) Whether an escape from "official detention" actually occurred in the present case as required by § 45-7-306, MCA?

3

(3) Whether the defendant's conviction on the three crimes charged constitutes double jeopardy?

The first issue raised by defendant contends that the trial court committed reversible error by not instructing the jury that the offense of resisting arrest was a lessor included offense of aggravated assault. As the defendant correctly points out, it is a basic rule in this state that the trial court's instructions must cover every issue or theory having support in the evidence. State v. Buckley (1976), 171 Mont. 238, 557 P.2d 283. The defendant also correctly recognizes that:

> . . . a defendant is entitled to instruc-
> tions on lessor included offenses if any
> evidence exists in the record which would
> permit the jury to rationally find him
> guilty of a lessor offense and acquit him
> of a greater.

State v. Ostwald (1979), 180 Mont. 530, 538, 591 P.2d 646, 651. However, while the defendant correctly recognizes the law in this area, he fails to apply it to his own case. The facts clearly illustrate defendant was given a lessor included offense instruction which follows the rationale set forth in Ostwald, quoted above.

The trial court record states the following instruction was read and given to the jury:

> A person commits the offense of aggravat-
> ed assault, a felony, if he purposely or
> knowingly causes reasonable apprehension
> of serious bodily injury in another by
> use of a weapon.
>
> If you do not find that the defendant
> purposely or knowingly caused reasonable
> apprehension of serious bodily injury in
> another by use of a weapon, but you do
> find that he purposely or knowingly
> caused reasonable apprehension of bodily
> injury in another, you may, nevertheless,
> find him guilty of the lessor included
> offense of assault, a misdemeanor.

The record clearly shows that defendant obtained an instruction on the lesser included offense of simple assault,

4

a misdemeanor. This instruction amply covered defendant's version of the event as well as resisting arrest could have. Under the facts of this case, there was no material difference between the offenses of resisting arrest and simple assault. Consequently, if the jury had accepted defendant's version of the event, it could have found him guilty of simple assault and acquitted him of aggravated assault. Defendant was not, as he argues, deprived of his opportunity to have the jury consider his version of the event, because the lesser included offense instruction on simple assault was sufficient for this purpose. In short, defendant suffered no harm by the trial court's refusal to accept his last-minute proposed instruction on resisting arrest. This Court fails to see how defendant's situation differs substantially from the rationale set forth and endorsed by defendant in Ostwald, quoted above.

Defendant also presents the case of State v. Gopher (Mont. 1981), 633 P.2d 1195, 38 St.Rep. 1521, as authority for the proposition that he was entitled to an instruction on the lesser included offense of resisting arrest. However, the danger adverted to in Gopher, that the jury would believe defendant guilty of some offense and would convict him of the felony offense because it had no other choice, was not present in the instant case. The jury in the instant case was instructed on the lesser included offense of simple assault. Consequently, the jury, had it believed defendant's version of the event, could have found him guilty of simple assault. The situation present in Gopher that the jury could have been forced to find the defendant guilty--that is, the jury may not have wanted to let the defendant's actions go unpunished so they chose to find him guilty of aggravated assault because the only alternative was acquittal--simply

5

does not exist in the instant case. Therefore, we hold the District Court did not commit reversible error by refusing defendant's instruction on resisting arrest.

The second issue raised by defendant asks this Court to consider whether an escape from "official detention" actually occurred in the present case. As noted above, defendant was charged and convicted with the offense of escape, a felony, in violation of § 45-7-306, MCA. Defendant asserts that he was wrongly convicted of this offense because the State never provided any evidence whatsoever that defendant escaped from "official detention" which is a necessary element of the charge of escape. We disagree.

Section 45-7-306(2) and (3)(b)(ii), MCA, define the offense of escape in pertinent part as follows: "A person subject to official detention commits the offense of escape if he knowingly or purposely removes himself from official detention . . . by the use or threat of force." Section 45-7-306(1) further defines in pertinent part that the phrase "official detention" means "detention by a peace officer pursuant to arrest." In light of these statutes, this Court asserts, and both parties agree, that a valid arrest is an underlying element of "official detention" and also, there- fore, is an underlying element of the offense of escape. Consequently, it becomes necessary to examine the facts of this case and the law of Montana to determine if the defen- dant was placed under a valid arrest.

The pertinent statute in Montana with regard to the method of a valid arrest is § 46-6-104, MCA. This statute provides in pertinent part: "An arrest is made by an actual restraint of the person to be arrested or by his submission to the custody of the person making the arrest." Defendant argues because he did not submit to the custody of Officer

6

Sarnow nor was he physically restrained by Officer Sarnow, a valid arrest never occurred. Conversely, the State argues that a physical restraint of the defendant was not a necessary element of a valid arrest. We agree with the State.

Montana has had virtually no reported cases under its arrest statute (§ 46-6-104), but since it was in large part adopted from Illinois some of their cases are instructive. In People v. Ussery (Ill.App. 1974), 321 N.E.2d 718, 720-721, an Illinois Appellate court outlined the elements of arrest:

> An arrest involves three elements: (1) authority to arrest; (2) assertion of that authority with intention to affect an arrest; and (3) restraint of the person arrested. [Citations omitted.]

Clearly, applied to the facts of this case, the first two elements of an arrest are satisfied. Officer Sarnow by statute had authority to arrest the defendant and he obviously asserted his authority with the intention of arresting the defendant. The only remaining question is whether there was restraint of the defendant.

In resolving the question of restraint, there are some, mostly older, cases which hold that an oral statement of arrest without any physical touching is not sufficient for a valid arrest. See 5 Am.Jur.2d _Arrest_ §1; People v. Jackson (Ill.App. 1968), 240 N.E.2d 421. However, most modern courts are examining all circumstances surrounding an arrest, in which case an oral statement may be sufficient. People v. Miller (Ill.App. 1980), 412 N.E.2d 175; Bey v. State (Fla. 1978), 355 So.2d 850; State v. White (Neb. 1981), 306 N.W.2d 906. The Maine Supreme Court recently refused to apply a requirement of physical touching for an arrest:

> Defendant's counsel concedes that defendant would have been validly arrested if Trooper Gallant had also merely placed his hand on defendant's arm or shoulder. There is no reason for making the validity of an arrest in the present

7

> circumstances turn on such an
> insignificant formality, reminiscent of
> the medieval livery of seisin.

State v. Donahoe (Me. 1980), 420 A.2d 936, 938.

Therefore, the view that a physical restraint is a necessary element of an arrest is largely discredited in recent cases. We agree with this position. Furthermore, we assert that the standard for an arrest when there is not a physical restraint of the defendant is whether a reasonable person, innocent of any crime, would have felt free to walk away under the circumstances. Miller, 412 N.E.2d at 179; United States v. Johnson (9th Cir. 1980), 626 F.2d 753; United States v. O'Connor (9th Cir. 1981), 658 F.2d 688. This standard drops any technical requirements for an arrest and the concept of restraint, and instead looks upon all the facts and circumstances of each case.

We agree with the State that where the entire circumstances of this encounter are fairly examined, it is clear that any reasonable person would have considered himself under arrest and not free to walk away. Officer Sarnow was wearing a law enforcement uniform with a badge and had the obvious authority to arrest the defendant; Officer Sarnow advised the defendant he was violating the law; and Officer Sarnow repeatedly told the defendant he was under arrest and should not leave the scene. Consequently, we hold the defendant was properly charged with the offense of escape when he, after being validly arrested, secured his release by threat of physical force or violence.

The third and final issue raised by defendant asks this Court to consider whether the defendant's conviction on the three crimes charged constitutes double jeopardy. Defendant's argument on this issue is sketchy, but he appears to be arguing that double jeopardy existed on all three charges

because all three charges arose out of the same incident. Defendant apparently fails to understand the concept of double jeopardy and the applicable law in this area.

Defendant's argument relies upon the holding found in Blockburger v. United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309, which states:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

The so-called Blockburger rule has been adopted by statute in Montana at § 46-11-502, MCA.

The first sentence of § 46-11-502, MCA, states: "When the same transaction may establish the commission of more than one offense, a person charged with such conduct may be prosecuted for each such offense." The statute goes on to enumerate some exceptions to this statement. Defendant, however, has not indicated which exception he relies on, but his argument appears to center around exception (1). This exception states: "[Defendant] may not, however, be convicted of more than one offense if . . . one offense is included in the other."

In a series of recent cases this Court has clarified the application of the Blockburger rule and § 46-11-502. To determine if one offense is includable within another, the analysis looks to the statutory elements, not the particular factual situation. State v. Ritchson (Mont. 1981), 630 P.2d 234, 38 St.Rep. 1015; State v. Wells (Mont. 1983), 658 P.2d 381, 40 St.Rep. 127. If each offense contains an element different than the other there is no inclusion, even though there may be a substantial overlap in proof. State v. Madera (Mont. 1983), 670 P.2d 552, 558, 40 St.Rep. 1558, 1564,

9

citing Iannelli v. United States (1975), 420 U.S. 770, 785, fn. 17, 95 S.Ct. 1284, 1294, fn. 17, 43 L.Ed. 616, 627, fn. 17.

The criminal offenses involved in this case are aggravated assault, escape, and obstructing a peace officer. It can readily be determined that each of these offenses are separate. The elements of aggravated assault are: (1) purposely or knowingly, (2) cause, (3) reasonable apprehension of serious bodily injury in another, (4) by use of a weapon. The elements of escape are: (1) knowingly or purposely, (2) removing himself from official detention, (3) by use or threat of force, physical violence or weapon, (4) after having been placed under arrest by a peace officer and being subject to official detention. Thus escape and aggravated assault are readily distinguishable: escape requires an arrest and removal from official detention, neither of which is required for aggravated assault; aggravated assault requires a reasonable apprehension of serious bodily injury, whereas escape requires only a use or threat of force, physical violence or weapon.

The misdemeanor offense, obstructing a peace officer, has these elements: (1) knowingly, (2) obstructs, impairs, or hinders, (3) the enforcement of the criminal law, the preservation of the peace, or the performance of a government function. The third element is not common to either of the other offenses and makes it readily distinguishable from the two. Likewise each of the other offenses contains at least one element not common to the offense of obstructing a peace officer: aggravated assault requires a reasonable apprehension of serious bodily injury and escape requires an arrest.

In light of the above discussion, defendant has not shown that the charges against him meet any of the exceptions

10

set forth in § 46-11-502, including exception (1). In his argument, defendant merely asserts that the different charges were born of the same transaction and thus were a violation of the United States Constitutional prohibition against double jeopardy. However, as § 46-11-502, quoted above, makes clear, different charges may, and often do, arise from a single or closely related event. The critical inquiry is whether the statutory elements of the various offenses are wholly includable within one another. Here, the offenses of aggravated assault, escape, and obstructing a peace officer, examined by their statutory elements, are not co-extensive. Each has at least one element which distinguishes it from the other offenses. Therefore, this Court holds the defendant's convictions on the three crimes charged does not constitute double jeopardy.

The convictions of the defendant are affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices