No. 99-161

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 53N

STATE OF MONTANA,

Plaintiff and Appellant,

v.

JOSHUA C. KUEBLER,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Steven M. Hudspeth, Attorney at Law; Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General; Helena, Montana

Brant Light, Cascade County Attorney; Great Falls, Montana

---

Submitted on Briefs: January 20, 2000

Decided: March 7, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶Joshua C. Kuebler (Kuebler) appeals from the denial of his motion to suppress a blood sample taken in the hospital while he was under suspicion of driving under the influence of alcohol. The justice court denied his motion to suppress, and after a bench trial, convicted Kuebler of DUI. Kuebler appealed to the Eighth Judicial District Court, Cascade County, and again moved to suppress the blood sample. The District Court denied the motion, whereupon Kuebler entered into a plea agreement under which Kuebler reserved the right to appeal the District Court's denial of the motion to suppress. We affirm the decision of the District Court.

3. ¶On March 30, 1997, Officer Johnson of the Montana Highway Patrol was dispatched to the Benefis Healthcare East Campus in Great Falls to deal with an injured party (Kuebler) concerning an accident he had been involved in at an unknown location. When she arrived, Officer Johnson spoke with Kuebler who admitted that he was the driver of an automobile that had left the roadway and rolled onto the median. Officer Johnson observed that Kuebler had several injuries and required many stitches to his face and back. When speaking with Kuebler, she noticed a strong odor of alcohol, loud, slow and slurred speech, and glassy and bloodshot eyes. When she mentioned these symptoms to him, Kuebler admitted to Officer Johnson that he had been drinking.

4. ¶Officer Johnson verbally informed Kuebler that he was under arrest. She then read Kuebler the Montana Department of Justice Implied Consent Advisory, verbatim. This form provided, in relevant part: "[y]ou are under arrest for driving . . . a motor vehicle under the influence of alcohol [and/or drugs]." Officer Johnson then asked Kuebler to take a blood test and he agreed to provide a blood sample for testing of alcohol concentration. Officer Johnson observed as a registered nurse drew the blood sample. Officer Johnson then went to the accident scene to determine whether the vehicle had been left on the road. She located the vehicle and completed her

accident investigation. The vehicle was towed from the scene and Officer Johnson returned to the hospital and issued Kuebler a Notice to Appear for driving under the influence. At the time she returned, the hospital was still treating Kuebler's injuries.

5. ¶The State and Kuebler agree that State v. Widenhofer (1997), 286 Mont. 341, 950 P.2d 1383, is the governing precedent with regard to the question of whether an arrest has taken place under the circumstances presented here. An arrest involves three elements: (1) authority to arrest; (2) assertion of that authority with intention to effect an arrest; and (3) restraint of the person arrested. State v. Thornton (1985), 218 Mont. 317, 322-23, 708 P.2d 273, 277.

6. ¶Widenhofer, like Kuebler, consented to the taking of a blood sample while in the hospital after a car accident. The officer twice read the Implied Consent Form to Widenhofer advising him orally that he was under arrest. *Widenhofer*, 286 Mont. at 345, 950 P.2d at 1385. Widenhofer was not issued a notice to appear until several days later when the results from the lab tests showed a .27 BAC. He argued that he was not under arrest because there was no physical restraint or citation issued while he was in the hospital. *Widenhofer*, 286 Mont. at 347, 950 P.2d at 1387. He contended that a reasonable person would have felt free to walk away from the officer and from the hospital. We disagreed, stating:

The facts and circumstances of this case support a conclusion that Widenhofer was under arrest when he submitted to a blood test at the request of Officer Zarske. Officer Zarske delivered Widenhofer to St. Peter's Hospital, he remained at the hospital and maintained contact with Widenhofer during and after Widenhofer's medical treatment. Officer Zarske did not leave Widenhofer until he was satisfied that Widenhofer was safely in the custody of Ed Grady. Officer Zarske further testified that he considered Widenhofer's safety and medical needs more important than taking him to jail. Officer Zarske verbally placed Widenhofer under arrest at the hospital. Finally, Officer Zarske asserts that verbal restraint was sufficient to arrest Widenhofer in this case because Widenhofer was being treated for his injuries and Widenhofer was calm and cooperative.

*Widenhofer*, 286 Mont. at 348, 950 P.2d at 1387. In *Widenhofer* we concluded that Officer Zarske complied with § 46-6-104, MCA, by using no greater restraint than necessary to hold an individual under the circumstances and that Widenhofer was under arrest when the blood test was requested. *Widenhofer*, 286 Mont. at 348, 950 P.2d at 1387.

1. ¶Montana's implied consent law requires that an individual be arrested for DUI

before an officer can request a blood alcohol test. Section 61-8-402, MCA. Kuebler contends that he was not under arrest when his blood sample was drawn. In an attempt to distinguish his case from *Widenhofer*, Kuebler points out that Officer Johnson did not meet with Kuebler until several minutes after Kuebler was at the hospital; Officer Johnson did not remain at the hospital but left to go to the scene of the accident; and that she made no arrangement to leave Kuebler with a responsible person. Finally, Officer Johnson only read the Implied Consent Form once to Kuebler.

2. ¶As in *Widenhofer*, we conclude that the facts and circumstances of this case support a conclusion that Kuebler was under arrest when he submitted to the blood sample. As the District Court determined, Officer Johnson had authority to arrest and she asserted that authority when she orally informed him that he was under arrest and then read the Implied Consent Form to Kuebler, stating "you are under arrest. . . ." The fact that the form was read only once rather than twice is of no consequence. Further repetition was not necessary to effect an arrest. That Officer Johnson temporarily left to investigate the scene of the accident and did not instruct anyone to keep Kuebler at the hospital is also of no consequence since the Officer testified that she, in effect, "un-arrested" Kuebler after the blood was drawn and before she left. The determining factor is that Kuebler gave the blood sample after having been advised that he was under arrest. A reasonable person, having been advised by a uniformed officer that he was under arrest, would not have felt free to leave. While in the hospital Officer Johnson not only advised Kuebler that he was under arrest, she also issued him a citation to appear. This is in contrast to *Widenhofer* where the citation was not issued for several days later. Given that Kuebler was undergoing medical treatment and was being cooperative, Officer Johnson exerted only as much restraint over Kuebler as the situation required.

3. ¶The District Court was correct in determining that Kuebler was under arrest when the blood sample was drawn. The District Court's findings of fact were not clearly erroneous and were correctly applied as a matter of law. *See* State v. Williams (1995), 273 Mont. 459, 462, 904 P.2d 1019, 1021. We affirm the District Court's denial of Kuebler's motion to suppress the blood sample.

## /S/ W. WILLIAM LEAPHART

We concur:


/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER