No. 05-037

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 223N

DANIEL LEE STIFFARM,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. BVD 04-348(C),
                    Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Daniel Lee Stiffarm, Pro Se, Shelby, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Ilka Becker,
                Assistant Attorney General, Helena, Montana

                Brant S. Light, County Attorney, Great Falls, Montana

Submitted on Briefs:  August 17, 2005

Decided:  September 13, 2005

Filed:

_____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Daniel Lee Stiffarm appeals from the District Court's Order denying his petition for postconviction relief. Stiffarm was convicted of felony assault for stabbing his girlfriend Myrtle Quincy with a knife. *State v. Stiffarm*, 2003 MT 70, ¶ 5, 314 Mont. 499, ¶ 5, 67 P.3d 249, ¶ 5. Stiffarm was initially represented by Larry LaFountain, but requested substitute counsel because of LaFountain's perceived conflict of interest. Eric Olson was substituted for LaFountain on August 31, 1999. Following Stiffarm's conviction, he appealed to this Court, asserting violations of his constitutional right to a speedy trial and seeking review of the District Court's flight instruction. *Stiffarm*, ¶¶ 3-4. We affirmed his conviction. *Stiffarm*, ¶ 29. Stiffarm then filed a petition for postconviction relief with the District Court. This petition and his concomitant request for a hearing were denied. Stiffarm now appeals.

¶3 Stiffarm raises multitudinous claims, both in his petition and on appeal, which can be distilled into three legal issues: first, that he was denied his right to a speedy trial; second, that he was improperly assigned persistent felony status by the sentencing court; and last,

that he was denied effective assistance of counsel. These claims will be cross-referenced according to the item number assigned to them in Stiffarm's brief.

¶4 We review a District Court's dismissal of a petition for postconviction relief to determine whether the findings of fact are clearly erroneous and whether the conclusions of law are correct. *Dawson v. State*, 2000 MT 219, ¶¶ 18-19, 301 Mont. 135, ¶¶ 18-19, 10 P.3d 49, ¶¶ 18-19. "Discretionary rulings in postconviction relief proceedings, including rulings relating to whether to hold an evidentiary hearing, are reviewed for abuse of discretion." *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9 (citation omitted).

¶5 A petitioner who has been afforded an opportunity for direct appeal may not, in a petition for postconviction relief, raise issues that were raised or could reasonably have been raised on direct appeal. Section 46-18-105(2), MCA (2003). Ineffective assistance of counsel claims based on facts of record must be raised in the direct appeal and are not appropriately included in a petition for postconviction relief. *Hagen v. State*, 1999 MT 8, ¶ 12, 293 Mont. 60, ¶ 12, 973 P.2d 233, ¶ 12. We distinguish record based from non-record based actions based on whether "the record fully explain[s] *why* counsel took the particular course of action[.]" *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, ¶ 20, 30 P.3d 340, ¶ 20. Claims for ineffective assistance of counsel based on counsel's conduct for which "no plausible justification" exists, however, are considered record based. *State v. Kougl*, 2004 MT 243, ¶ 19, 323 Mont. 6, ¶ 19, 97 P.3d 1095, ¶ 19. Stiffarm's contention that he was improperly designated as a persistent felony offender (item 2) could have been raised on direct appeal. *See State v. Hawkins* (1989), 239 Mont. 404, 781 P.2d 259. Likewise, his

counsel's failure to question him about potential witnesses during his testimony at his speedy trial hearing (item 3.11) is record based and could have been raised on direct appeal. The District Court's findings of fact with respect to these claims were not clearly erroneous, and it correctly concluded that these claims may not be raised in Stiffarm's petition for postconviction relief.

¶6   In addition, Stiffarm actually asserted violation of his right to a speedy trial on direct appeal before this Court. *Stiffarm*, ¶¶ 13-25. His claim specifically included his counsel's failure to contact witnesses needed for his defense. *Stiffarm*, ¶ 23. Stiffarm now contends that his right to a speedy trial was violated because the delay prevented Jerome Crebs from testifying in his defense (item 3.10). He also claims a violation of his right to effective assistance of counsel because his trial counsel failed to direct the court to the fact that Crebs would testify to Quincy's *modus operandi* of fabricating evidence (item 3.10). Both of these claims are record based and could have been brought on direct appeal. The record contains Olson's request that the District Court pay Crebs' travel expenses so that he could testify to Quincy's alleged *modus operandi*. As the District Court correctly concludes, Stiffarm's claim that Crebs' absence, specifically, prejudiced his defense in violation of his right to a speedy trial could have been raised on direct appeal, as the record accurately explains and accounts for Crebs' absence and reflects his anticipated testimony. Stiffarm's claim of ineffective assistance of counsel due to Crebs' absence is based on the phrasing of his attorney's request, which is adequately documented in the record. Accordingly, the District

4

Court correctly concluded that this claim could have been raised on direct appeal. Thus, these claims may not be raised in a petition for postconviction relief.

¶7 Stiffarm contends that his trial counsel rendered ineffective assistance by failing to object to the flight instructions given to the jury and that the county attorney tampered with the jury during deliberations. These issues are raised for the first time in this appeal. This Court will not entertain arguments first raised on appeal from denial of a petition for postconviction relief. *Ellenburg v. Chase*, 2004 MT 66, ¶ 14, 320 Mont. 315, ¶ 14, 87 P.3d 473, ¶ 14. Therefore, we do not consider the merits of either of these claims.

¶8 Stiffarm has alleged that he was denied effective assistance of counsel because the county attorney instructed a witness not to speak with Stiffarm's private investigator (item 3.11). A petition for postconviction relief cannot be based on "mere conclusory allegations," but must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." *Ellenburg*, ¶ 16 (quoting § 46-21-104(1)(c), MCA (2003)). Item 3.11 is not supported by any such evidence. Accordingly, the District Court correctly concluded that this is not a cognizable claim.

¶9 Stiffarm raises a litany of claims that he asserts establish ineffective assistance of counsel. He also contends that several of these claims denied his right to a speedy trial. Stiffarm claims that his original counsel was ineffective for failures during his representation (items 3.1, 3.3, 3.4, 3.5, 3.7, and 3.8), his delay in acquiescing to Stiffarm's request for replacement counsel (items 3.1 and 3.2), and his actions subsequent to termination of the

5

representation (item 3.6). To establish ineffective assistance of counsel, one must satisfy the two-prong test from *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674. First, one must show, by "errors so serious that assistance was not effective," that his "counsel's performance was not within the range of competence demanded of attorneys under similar circumstances." *State v. J.C.*, 2004 MT 75, ¶ 12, 320 Mont. 411, ¶ 12, 87 P.3d 501, ¶12 (citations omitted). Second, one must prove that, but for the deficient performance, there is a reasonable probability that the outcome of the case would have been different. *J.C.*, ¶ 12 (citations omitted). Here, the District Court correctly concluded that items 3.1 and 3.2 fail the first prong of the test, because original counsel did remove himself from representation, allowing substitute counsel sufficient time to prepare for trial. The District Court correctly concluded that items 3.3-3.5, 3.7, and 3.8 fail the second prong of *Strickland*, because Stiffarm fails to show how they affected the outcome of his trial, let alone that the outcome would have differed but for those events. Finally, the court correctly concluded that item 3.6 is barred because it could have been raised on direct appeal.

¶10    Stiffarm also claims that his requested substitute counsel rendered ineffective assistance before his trial by: not assuming representation and examining evidence until 60 days prior to trial (items 3.7 and 3.9); not providing Stiffarm's private investigator access to the evidence until two and a half weeks prior to trial (item 3.8); and failing to procure laboratory analyses of the physical evidence in the case (items 3.15, 3.17, and 3.18). Stiffarm further claims that his substitute counsel rendered ineffective assistance during his trial by: failing to thoroughly cross-examine witnesses; failing to emphasize the potential

6

inconsistencies in their testimony or their opportunity to fabricate evidence (items 3.13, 3.14, 3.16, and 3.19); and failing to call witnesses that Stiffarm wished to have testify (item 3.12). As the District Court correctly concluded, items 3.7-3.9 fail the first prong of the *Strickland* test, because counsel had sufficient time to reasonably prepare for trial, and Stiffarm's investigator had adequate time to review the evidence in the case prior to trial.[1] Similarly, item 3.16 also fails the first prong of *Strickland* because Stiffarm's counsel did cross-examine at least two police officers regarding their alleged prior statements that the victim had fabricated her account of the crime. Thus, the District Court properly denied Stiffarm's request for relief on this basis. Likewise, the District Court properly concluded that items 3.15, 3.17, and 3.18 fail the first prong of *Strickland.* The court's finding that ample corroboratory testimonial evidence supported counsel's decision to forgo laboratory examination of the physical evidence is not clearly erroneous. The District Court correctly concluded that item 3.12 is not supported by the statutorily required evidence. *Ellenburg*, ¶ 16. Stiffarm does not even indicate what most of these witnesses would have testified to, let alone provide evidence of such. Finally, although the District Court employed a different rationale, items 3.13, 3.14, and 3.19 fail the second prong of *Strickland.* Stiffarm does not show that emphasizing the purported inconsistencies in the witnesses' testimony and opportunities for the victim to fabricate the crime scene would, with reasonable probability, have changed the outcome of his trial. Two eyewitnesses to the crime testified against him,

---

[1]Stiffarm's allegation that his trial counsel did not adequately prepare due to travel and illness during most of the representation lacks evidentiary support. Thus it cannot be considered. *Ellenburg*, ¶ 16.

their testimony was substantially identical and was corroborated by the physical evidence presented at trial. Thus, the court properly denied relief on these grounds. Accordingly, the District Court properly denied Stiffarm relief on these claims that his trial counsel rendered ineffective assistance.

¶11 Finally, Stiffarm contends that his trial counsel was ineffective for not recognizing the "Jekyll and Hyde" character of the victim (item 3.20). The District Court correctly observed, however, that Stiffarm failed to allege that his counsel knew of any of the incidents he recites and that several of the incidents cited in support of the claim occurred well after trial. Thus, the District Court correctly concluded that these allegations do not support a claim of ineffective assistance of counsel, based on failures to satisfy the first prong of *Strickland* and to provide requisite evidentiary support.

¶12 Stiffarm raises several claims–purportedly caused by continuance of his trial date from April 19, 1999 to November 1, 1999–that he asserts constitute a violation of his right to a speedy trial. The District Court's order does not specifically address these non-record based claims, which include: the county attorney allegedly instructing a prosecution witness not to speak with Stiffarm's private investigator (item 3.11); the State, subsequent to trial, losing Stiffarm's wallet, which contained the names of potential defense witnesses[2] (item 3.12); and his trial counsel not calling various defense witnesses (other than Jerome Crebs) to testify (item 3.12). To establish violation of his right to a speedy trial based on these

---

[2]Stiffarm states that he "believed" that several of these witnesses were unavailable for his trial due to the delay, but offers no corroborating evidence of such unavailability.

claims, Stiffarm would have to show that the trial was delayed and that the delay impaired his defense. *See City of Billings v. Bruce*, 1998 MT 186, ¶ 19, 290 Mont. 148, ¶ 19, 965 P.2d 866, ¶ 19. Stiffarm fails to allege sufficient facts to support his claim that the delay impaired his defense. Stiffarm does not show that the prosecution witness's reluctance to speak to his investigator resulted from the delay in his trial–indeed this occurred two weeks prior to the initial trial date. As Stiffarm notes, his wallet was in fact present at his trial, so its subsequent loss cannot be attributed to a delayed trial. Stiffarm does not allege that the witnesses could have testified at an earlier trial but were prevented by the delay from testifying at his later trial. Thus, we cannot consider the merits of this claim. *Ellenburg*, ¶16. Accordingly, the District Court, in denying Stiffarm's petition in its entirety, correctly concluded that these claims should be denied.

¶13 The District Court followed the statutory guidelines for the filing of postconviction relief claims. Section 46-21-105(1), MCA. No abuse of discretion occurred in its denial of a hearing on the petition. The court's findings of fact were not clearly erroneous. The court's conclusions of law were correct. The court properly rejected the various claims.

¶14 Affirmed.

/S/ W. WILLIAM LEAPHART

We Concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE