DALE CLAIRE DUNCAN, PETITIONER AND APPELLANT, *v.* THE STATE OF MONTANA, RESPONDENT AND RESPONDENT. DALE CLAIRE DUNCAN, PETITIONER, *v.* JACK McCORMICK, WARDEN, RESPONDENT.

No. 90-055, 90-096.
Decided April 3, 1990.
Rehearing Denied June 26, 1990.
794 P.2d 331.

Dale Claire Duncan, in pro. per.

## ORDER

Dale Claire Duncan, appearing ''in propria persona,'' has simultaneously filed with this Court a petition for habeas corpus and an appeal of a petition for post-conviction relief denied by the District Court of the Eighth Judicial District, Cascade County, in October 1989. In response, the Attorney General of the State of Montana has filed a motion to dismiss both petitions as procedurally barred.

Duncan was convicted of deliberate homicide in February 1986. He was represented by appointed counsel in his trial in District Court. He attempted to file a pro se appeal, which was not allowed because it was untimely. Counsel was appointed to represent Duncan, and this Court ordered that his appeal should be allowed to go forward. An extension of time was granted for preparation of the transcript on appeal. Duncan moved that his attorney be removed, a hearing was held in the District Court, and new appellate counsel was appointed. An extension of time was granted to allow the newly-appointed counsel to confer with Duncan.

Duncan next filed a petition for writ of mandamus to require his counsel to provide him with several volumes of trial transcript. This Court pointed out that Duncan's counsel would require the transcripts in order to prepare briefs on appeal, and denied the petition. Counsel for Duncan then asked to be relieved due to lack of cooperation from Duncan. This Court ordered Duncan to cooperate with his counsel or the attorney would be relieved. It also again extended the time for filing of the initial brief by two weeks. Counsel was subsequently relieved, and Duncan was ordered to proceed pro se, with a further three-week extension of time granted. Duncan then filed a petition to reinstate habeas corpus, stating that ''it would be impossible for him to submit his pro se appeal effectively'' from the prison. Two weeks after the filing deadline had expired, this Court ordered the appeal dismissed and denied the petition to reinstate habeas corpus.

In the present petition for habeas corpus, Duncan raises the issues of whether there was probable cause to support his arrest and the search of his home, whether the waiver of his preliminary examination was valid, and whether certain evidence used at his trial was unconstitutionally obtained.

The writ of habeas corpus is not available to attack the validity of the conviction of a person who has been adjudged guilty of an offense in a court of record and has exhausted his remedy of appeal. Section 46-22-101(2), MCA. Duncan raises claims which attack the

validity of his conviction and has been adjudged guilty of homicide in a court of record. As demonstrated by the above recitation, he also has exhausted his remedy of appeal. We conclude that under sec. 46-22-101(2), MCA, his petition for a writ of habeas corpus is procedurally barred.

In his petition for post-conviction relief, Duncan raises five claims: the same three claims raised in his petition for a writ of habeas corpus, plus claims of failure to suppress evidence and that some testimony presented by the State at trial was known by the State to be false. All of these claims could have been raised on direct appeal. Grounds for relief which could reasonably have been raised on direct appeal, where a petitioner has been afforded one, may not be raised in a petition for post-conviction relief. Section 46-21-105, MCA. We conclude that sec. 46-21-105, MCA, provides a procedural bar for the claims Duncan raises in his petition for post-conviction relief.

Accordingly, we grant the motion of the State to dismiss both the petition for a writ of habeas corpus and the petition for post-conviction relief. IT IS SO ORDERED.

DATED this 3rd day of April, 1990.

> s/J.A. Turnage, Chief Justice
> s/John Conway Harrison, Justice
> s/Diane G. Barz, Justice
> s/Fred J. Weber, Justice
> s/R.C. McDonough, Justice