IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 89-601

SHERMAN P. HAWKINS,           )
                              )
          Petitioner,         )        O R D E R
     v.                       )
                              )        A N D
                              )
STATE OF MONTANA,             )        O P I N I O N
                              )
          Respondent.         )

This is a petition for post-conviction relief from Hawkins's April 1988 conviction of criminal possession of dangerous drugs and misdemeanor escape and his October 1988 conviction of felony assault. Hawkins appears pro se. He has filed an extensive petition, to which the Attorney General, on behalf of the State, has responded. Hawkins also filed a response to the State's response, followed by a motion to deny the State's motion to dismiss, with supporting memorandum.

The facts underlying these convictions were discussed fully in this Court's opinion on direct appeal of this matter. State v. Hawkins (Mont. 1989), 781 P.2d 259, 46 St.Rep. 1786. While Hawkins asserts that, in its brief, the State misrepresents the facts, we note that the facts set forth by the State are supported in the record of trial before the District Court.

We will discuss the issues now raised as grounds for post-conviction relief in the following order:

1. Whether issues determined by this Court on direct appeal are res judicata.

2. Whether Hawkins was denied due process of law by the retroactive application of State v. Burke (Mont. 1988), 766 P.2d 254, 45 St.Rep. 2278.

3. Whether Hawkins was unlawfully convicted of felony

1

possession of marijuana when the information charged only a misdemeanor offense.

4. Whether Hawkins was denied his right to a fair trial by virtue of the prosecutor's opening statement.

5. Whether Hawkins was denied effective assistance of counsel either at trial or on appeal.

I

Are the issues now raised which were also considered by this Court on direct appeal barred by the doctrine of res judicata?

Hawkins raises a number of issues in this proceeding which represent claims also raised by his counsel on direct appeal. Although Hawkins now makes some new arguments under some of these issues, the basic claims are the same as those raised in his appeal. Res judicata bars reconsideration in a post-conviction relief proceeding of claims previously raised and considered on direct appeal, Petition of Martin (Mont. 1989), ___ P.2d___, 46 St.Rep. 2213, 2214, and also bars reconsideration of additional arguments raised as to claims previously ruled upon. State v. Perry (1988), 232 Mont. 455, 464-65, 758 P.2d 268, 273-74.

In this petition, Hawkins claims that he was improperly sentenced as a persistent felony offender and improperly designated a dangerous offender. He claims that his October 1988 conviction is invalid under the former prosecution statutes, § 46-11-502 and -503, MCA. He argues that the search of his vehicle was invalid for a number of reasons. These claims were raised on direct appeal, considered by the Court, and rejected. Hawkins, 781 P.2d at 261-63. We conclude that these claims are barred from reconsideration, under the doctrine of res judicata.

II

Was Hawkins denied due process of law by the retroactive application of State v. Burke (Mont. 1988), 766 P.2d 254, 45 St.Rep. 254?

In Burke, this Court followed the United States Supreme Court's lead in Griffin v. Wisconsin (1987), 483 U.S. 868, 107

S.Ct. 3164, 97 L.Ed.2d 709, holding that a warrantless search of a probationer's home by the probation officer does not violate the Fourth Amendment. Hawkins argues that because the search in this case occurred before Griffin and Burke were decided, those cases cannot be applied. In this Court's opinion on direct appeal, Hawkins, 781 P.2d at 263, we ruled that Burke was controlling.

If the court's decision in Burke affected only procedural, and not substantial rights, Hawkins's due process rights were not violated by application of the decision to his case. Dobbert v. Florida (1977), 432 U.S. 282, 293-94, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344, 356. We conclude that such is the case. The decision changed an evidentiary rule about searches of a probationer's home without a warrant. It abolished the warrant requirement in such cases and held that such searches need not be individually supervised by a parole officer. Burke, 766 P.2d at 257. We hold that Hawkins was not denied due process by application of the rule from Burke to his case.

## III

Was Hawkins unlawfully convicted of felony possession of marijuana when the information charged only a misdemeanor offense?

Hawkins asserts that because the information filed against him referred to § 45-9-102(2), MCA, it charged him with misdemeanor, instead of felony, possession of marijuana. He argues that his conviction of felony possession was a denial of due process.

The information filed against Hawkins gave him clear notice that he was charged with felony possession of marijuana. It included "COUNT III: CRIMINAL POSSESSION OF DANGEROUS DRUGS (FELONY)." It stated that Hawkins was charged with possession of marijuana "in an amount exceeding 60 grams in weight, to wit: 590 grams." It is true that subsection (2) of § 45-9-102, MCA, which defines the crime of misdemeanor possession of dangerous drugs, was cited in the information. However, that subsection also describes the cutoff amount (60 grams) between a misdemeanor and a felony. We hold that Hawkins was not denied due process by the reference

3

to § 45-9-102(2), MCA, in the information.

## IV

Was Hawkins denied his right to a fair trial by virtue of the prosecutor's opening statement?

In her opening statement in Hawkins's second trial, the deputy county attorney referred to mental damages suffered by the victim of Hawkins's assault. No evidence was offered on the subject of those mental damages. Hawkins argues that mentioning them in the opening statement was prejudicial to him.

At trial, Hawkins and his counsel disagreed on whether a motion for mistrial should be made on this ground. Hawkins wished to so move. The court deemed a motion to have been made pro se and denied it.

The record shows that while the prosecution intended at the beginning of trial to offer evidence about the victim's mental damages, the parties agreed mid-trial that this evidence would not be introduced because of discovery problems relating to it. It has not been shown that the prosecuting attorney lacked good faith in making her opening remarks.

A ruling on a motion for mistrial will only be disturbed if it was clearly erroneous. State v. Dawson (Mont. 1988), 761 P.2d 352, 358, 45 St.Rep. 1542, 1549. Under the circumstances here, the District Court's denial of Hawkins's motion for a mistrial was not clearly erroneous. We conclude that Hawkins's claim is without merit.

## V

Was Hawkins denied effective assistance of counsel either at trial or on appeal?

An appellate court measures a claim of ineffective assistance of counsel under the standard of whether the defendant has shown specific acts or omissions by his attorney which prejudiced his case and resulted in the denial of a fair trial. State v. Stewart (Mont. 1988), 767 P.2d 296, 297, 45 St.Rep. 2350, 2352. The defendant must show not only that counsel's performance was

deficient, but also that counsel made errors so serious that counsel was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution. Stewart, 767 P.2d at 297.

Hawkins raises several specific acts or omissions as grounds for his claim of ineffective assistance of counsel. The first is his attorney's failure to make a motion to dismiss on the grounds that he was denied his right to a speedy trial.

This Court will look to four factors in determining whether a person's right to speedy trial has been violated: 1) length of the delay, 2) reason for the delay, 3) assertion of the right by defendant, and 4) prejudice to the defendant. State v. Forsyth (Mont. 1988), 761 P.2d 363, 369, 45 St. Rep. 1577, 1581.

The actual length of delay is the trigger to a speedy trial inquiry. State v. Palmer (1986), 223 Mont. 25, 27, 723 P.2d 956, 958. In the present case, some 390 days passed between the filing of the information against Hawkins and his first trial. That period is sufficient to trigger a speedy trial inquiry. State v. Waters (1987), 228 Mont. 490, 493, 743 P.2d 617, 619.

In this case, trial was originally set for July 20, 1987. That date was vacated and reset to November 16, 1987, because of Hawkins's motion for a psychological examination, the results of which were filed November 4, 1987. Hawkins argues that he did not want the examination and that his counsel was the one who requested it. However, Hawkins was represented by counsel at the time the motion was made, and he continued to be represented by the same counsel through his appeal to this Court. He will not now be heard to complain that his counsel's motions were not his. A defendant adequately represented by counsel has no right to represent himself. State v. Brown (1987), 228 Mont. 209, 213, 741 P.2d 428, 431.

The November 16, 1987, trial date was vacated so that the court could hear a motion to suppress by defense counsel. After the court heard and ruled upon that motion on March 10, 1988, trial

5

was reset to begin April 13, 1988. (The date was later moved up one day, to April 12, 1988.) In the intervening month, Hawkins filed in this Court a petition for a writ of supervisory control, moving for a continuance in District Court. The motion for a continuance was denied, this Court denied the petition for supervisory control, and trial commenced on April 12, 1988.

Of the 390 days between the filing of the information against Hawkins and his first trial, we conclude that 263 days are attributable to Hawkins (120 days for the psychological examination plus 122 days for the motion to suppress plus 21 days for the supervisory control proceeding), which leaves 127 days chargeable to the State. Most of that time represents institutional delays inherent in calendaring the case.

Examining the other two factors in a speedy trial analysis, we conclude that Hawkins asserted his right to speedy trial in a timely manner but that the evidence of prejudice from the delay in this case is minimal. Hawkins has not alleged any undue anxiety or concern because of the delay, his custodial status was unaffected by the delay because his furlough from a prison sentence for a previous crime had been revoked, and he has not identified any prejudice to the defense of his case because of the delay. We hold that Hawkins was not denied his right to a speedy trial as to his first trial.

The jury hung on the charge of assault in Hawkins's first trial. Hawkins was convicted of that offense in a second trial commencing October 11, 1988. He argues that he was denied his right to speedy trial as to that conviction as well.

A total of 175 days elapsed between Hawkins's first and second trials. While the State contends that this is not enough time to trigger a speedy trial inquiry, it also notes that the reason for much (35 days) of the delay was the unavailability of a key witness, the victim of Hawkins's assault. Again, Hawkins asserted his right to speedy trial in a timely manner, but he has not demonstrated any unusual prejudice to himself as a result of the delay.

6

We conclude that Hawkins's right to speedy trial was not violated by the delay between his first and second trials.

Hawkins also asserts that he received ineffective assistance of counsel because his attorney failed to object to the State's evidence at trial that a high-speed chase had ensued when Billings police first followed Hawkins in the events leading to the charges against him. He maintains that no high-speed chase occurred.

Hawkins is referring to the pursuing officer's testimony that Hawkins sped up to between 80 and 85 miles per hour after the officer began following him. Hawkins himself took the stand and testified on this subject. It related to the cause for his arrest. Hawkins has not shown that this testimony was in any way improper.

Hawkins next argues that his counsel provided him with ineffective assistance by failing to introduce evidence that would have altered the outcome of the trial. This claim is made because the attorney did not introduce evidence that Frances Kunz was still married to Hawkins at the time of these events and that she perjured herself by testifying otherwise. Also, Hawkins argues that his attorney should have presented evidence of a conspiracy against him by Frances Kunz and Lavon Bretz.

The affidavit of Hawkins's trial attorney, prepared in response to this petition, is helpful on this issue. In that affidavit, counsel states that, as a tactical matter, he chose to de-emphasize the triangular romantic relationship between Hawkins, Kunz, and Bretz. Counsel stated that he concluded it would be best to avoid anything that might lead to introduction of evidence of Hawkins's earlier conviction of killing his first wife. This Court has stated that it will not find ineffective assistance of counsel based on a matter of trial tactics which did not result in prejudice to the defendant. State v. Stewart (Mont. 1988), 767 P.2d 296, 298, 45 St.Rep. 2350, 2353. We conclude that counsel's decision on this matter was a matter of trial tactics which has not been shown to result in prejudice to Hawkins.

Hawkins asserts that his trial attorney rendered ineffective

7

assistance of counsel because he failed to object to evidence regarding the police stop of Hawkins, his arrest, and their search of him. He bases this claim on Payton v. New York (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639.

Payton stands for the proposition that routine felony arrests may not be made inside the arrestee's home without a warrant. Hawkins disagrees with the State as to whether, at the time he was arrested, he was a resident of the house outside of which he was arrested. At any rate, according to the officers' testimony at the suppression hearing, the arrest was made in the driveway. The evidence thus indicates that this arrest was outside the protective realm of Payton. We hold that defense counsel did not render ineffective assistance by failing to object to the stop, search, and arrest as a violation of the rule in Payton.

Hawkins maintains that his attorney rendered ineffective assistance because he did not object that the prison furlough contract Hawkins was under was not signed by the State. As the State points out, this is untrue. Hawkins's counsel did object on these grounds, in connection with a motion to suppress. The court rejected the argument.

Hawkins argues that his attorney should have objected to the evidence found in the search of the pickup truck he was driving, because the truck belonged to a third party. However, if the pickup belonged to a third party, Hawkins would have no standing to object to the search. His counsel's affidavit indicates that counsel was satisfied that Hawkins was exercising sufficient control over the truck so that it could be said to be in Hawkins's possession.

Failure to demand a hearing on the presentence report is the next ground for Hawkins's claim of ineffective assistance of counsel. Hawkins states that he objected to the report in its entirety.

The transcript of Hawkins's first sentencing hearing shows that his attorney objected to a number of points in the presentence

investigation report. At the end of those objections, counsel asked Hawkins if he had stated all of their objections. Hawkins replied, "Yes, it is. I believe so." Hawkins has not come forth with additional specific objections to the report. The objections that he wished to make were heard at his sentencing hearing. We conclude that he has not shown that he was afforded ineffective assistance of counsel in this regard.

Finally, Hawkins argues that his trial attorney filed an inadequate appeal which was below acceptable standards. After reviewing the merits of the issues raised in this petition, we disagree. It is not necessary that counsel raise every colorable issue on appeal. Jones v. Barnes (1983), 463 U.S. 745, 750-54, 103 S.Ct. 3308, 3312-14, 77 L.Ed.2d 987, 992-95. Hawkins's counsel raised on appeal those issues most worthy of this Court's consideration and argued them well.

## CONCLUSION

Hawkins has not established any ground upon which he is entitled to post-conviction relief from the judgments of the district court.

THEREFORE, IT IS ORDERED the motion of the State to dismiss the petition for post-conviction relief is granted and the same is hereby dismissed.

DATED this __18th__ day of April, 1990.

_____
Chief Justice

_____

_____

_____

William E Hunt Sr

_____

Diane G. Barr
_____
Justices