No.  92-284
No.  92-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DANIEL L. REMINGTON,

      Applicant and Appellant,

  -vs-

THE MONTANA DEPARTMENT OF CORRECTIONS
AND HUMAN SERVICES; CURTIS CHISHOLM,
DIRECTOR OF THE MONTANA DEPARTMENT OF
CORRECTIONS AND HUMAN SERVICES;MONTANA
STATE PRISON; and JACK T. McCORMICK,
WARDEN OF MONTANA STATE

      Respondents and Respondents,

APPEAL FROM:  District Court of the Third Judicial District,
                In and for the County of Powell,
                The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Mark P. Yeshe, Donahoe & Yeshe, American Civil
           Liberties Cooperating Attorney, Helena, Montana

      For Respondent:

           James B. Obie, Department of Corrections and Human
           Services, Helena, Montana

FILED

DEC 15 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 8, 1992

Decided:  December 15, 1992

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order and opinion of the Third Judicial District Court, Powell County, dismissing Daniel L. Remington's application for mandamus, habeas corpus, and declaratory relief. We affirm.

We consider the following issues on appeal:

1. Did the District Court abuse its discretion in dismissing Remington's petition for declaratory judgment?

2. Should this Court issue a writ of habeas corpus based on an inmate's liberty interest in prison "good time" credits for correspondence courses?

Daniel L. Remington (Remington) is currently a parolee from the Montana State Prison. During his confinement, Remington has pursued a college degree by engaging in college level extension courses and numerous correspondence courses from accredited colleges across the country. For his College of Great Falls extension courses, Remington has received "good time" credit pursuant to § 53-30-105, MCA, and prison policies No. 505 and PD 84-214. This "good time" acts to shorten his term of incarceration or parole. However, Remington has received no "good time" credit for the correspondence courses he has successfully completed at accredited universities such as University of Nevada at Reno, University of Utah, Eastern Washington University, and the University of Ohio.

Over a period of years, Remington sought approval from various prison authorities for "good time" credit to which he claims

2

entitlement based on his correspondence courses. This credit has been denied.

Remington filed a petition for mandamus, habeas corpus, and declaratory relief with the Third Judicial District Court, Powell County. The court dismissed Remington's petition in an opinion and order dated March 31, 1992. Remington appealed. By order dated November 24, 1992, this Court granted Remington's motion to consolidate his appeal of denial of his petition for declaratory judgment and his application to this Court for habeas corpus.

I.

Did the District Court abuse its discretion in dismissing Remington's petition for declaratory judgment?

The District Court dismissed Remington's petition for writ of habeas corpus, mandamus and declaratory judgment. Denial of a writ of habeas corpus is not appealable to this Court. Coble v. Magone (1987), 229 Mont. 45, 744 P.2d 1244.

We will not address Remington's petition for mandamus because the District Court did not review the petition as a request for mandamus and Remington has not argued it to this Court.

Dismissal of Remington's petition for declaratory judgment is reviewable by this Court. When a District Court determines that declaratory relief is not necessary or proper, we will not disturb the court's ruling absent an abuse of discretion. Empire Fire and Marine Ins. Co. v. Goodman (1966), 147 Mont. 396, 412 P.2d 569.

A declaratory judgment is primarily intended to determine the meaning of a law or a contract and to adjudicate the rights of the

3

parties therein, but not to determine controverted issues of fact such as facts which give rise to a claim of denial of procedural due process. Raynes v. City of Great Falls (1985), 215 Mont. 114, 696 P.2d 423. The resolution of the questions in this case involves factual determinations prior to any consideration of due process or equal protection. We conclude, therefore, that declaratory judgment was not the proper procedure for resolution of this case.

We hold that the District Court did not abuse its discretion in dismissing Remington's petition for declaratory judgment.

II.

Should this Court issue a writ of habeas corpus based on an inmate's liberty interest in prison "good time" credits for correspondence courses?

Remington filed a second habeas corpus application to this Court in the event that this Court determined that it could not review the District Court's denial of his petition. We have considered Remington's arguments and find that he has failed to prresent facts that warrant habeas corpus.

Remington argues that he has a liberty interest in receiving "good time" credit and that because the Department of Corrections and Human Services (Department) has denied him "good time" credit for his correspondence courses, he is being restrained of liberty and denied his due process rights and equal protection of the law. The State argues that Remington does not have a liberty interest in "good time" credit and, therefore, has not been denied due process

4

or equal protection of the laws.

The District Court determined that the Montana statute did not create a liberty interest in good time credit. The court went on to consider Remington's equal protection argument, finding that he had not been denied equal protection as no inmate has ever been given "good time" credit for correspondence courses. Because of the consistent administering of the prison policies, the court determined that the policy was not being arbitrarily applied.

If Remington has a liberty interest in "good time" credits, as he argues, due process concerns are raised "to insure that the state-created right is not arbitrarily abrogated." Wolff v. McDonnell (1974), 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951. A liberty interest is created when the legislature expressly mandates to an agency the performance of some activity to be carried out within specific parameters which include definitions, criteria, and mandated "shalls." Connecticut Board of Pardons v. Dumschat (1981), 452 U.S. 458, 466, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158, 166.

The enabling statute for the Department of Institutions is § 53-30-105, MCA. The statute enables the Department to make rules concerning the dispensation of "good time" credits:

> (1) The department of corrections and human services shall adopt rules providing for the granting of good time allowance for inmates employed in any prison work or activity. The good time allowance shall operate as a credit on his sentence as imposed by the court, conditioned upon the inmate's good behavior and compliance with the rules made by the department or the warden. The rules adopted by the department may not grant good time allowance to exceed:

5

. . . .

> (d) 13 days per month for those inmates enrolled in school who successfully complete the course of study or who while so enrolled are released from prison by discharge or parole;

. . .

Section 53-30-105, MCA. This statute contains no definitions, no criteria, and no mandated "shalls" for the rules it directs the Department to make.

The Department has virtually unfettered discretion in establishing the rules which will govern the dispensation of "good time" credits to prisoners. The only applicable limitations placed upon the Department by the legislature are a thirteen day cap on the amount of credits given for educational pursuits and that this credit be conditioned on the inmate's good behavior and compliance with the Department or the warden's rules.

Considering the enabling legislation, the Department instituted a basic policy on July 1, 1983, called Policy #505. This policy established parameters for assessing "good time" credits for all activities deemed eligible for good time by the Department. According to Policy #505 and in line with the enabling statute's cap on "good time" credits for educational pursuits, the Department allotted thirteen days per month for good time earned by pursuing educational activities.

Subsequently, in September of 1984, the Department published the revised PD 84-214 which "outlines and defines the function and operation of the Education Department at the prison." This particular directive deals with good time earned through

6

educational pursuits. It is a more specific policy. PD 84-214 states unequivocally that "term-based extension services" provided by approved colleges or universities will receive good time credit. Also stated unequivocally, is the denial of "good time" credit for correspondence courses.

PD 84-214 deals with two different kinds of prison educational programs: extension programs from approved colleges or universities and correspondence courses. One type of course is approved for "good time" credits and the other is not.

Nothing in the prison educational policies conflicts with the enabling statute. Therefore, we conclude the Department has set these rules in line with the broad directive provided to it by the enabling statute. Because a liberty interest is created only when the enabling statute (§ 53-30-105, MCA) specifically constrains or limits the discretion of the decision maker (the Department) and such constraint is absent here, we hold that Remington and the other inmates of the Montana State Prison do not have a liberty interest in "good time" credits. Such liberty interest being absent, Remington has not been denied due process of law because he has been denied credit for his successfully completed correspondence courses.

Remington also argues that the enabling statute denies him equal protection under the law because the prison regulation infringes on his constitutional rights. He argues that the regulation forbidding "good time" credit to inmates taking correspondence courses is valid only if it is reasonably related to

7

a legitimate penological interest. Turner v. Safley (1987), 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64. Remington contends that the Department has not shown a reasonable relationship to a penological interest.

The record reveals testimony from respondents that correspondence courses put an unwieldy time pressure on the prison because prison personnel need to proctor exams. Extension classes are controlled and staffed by the home college. The record also suggests that extension courses are structured to guide their students.

Further, correspondence courses are missing easy access to instructors and counselors when problems arise. Remington himself testified at the evidentiary hearing that when he needed to call a contact person in Ohio or another state that he had to forgo his allotted weekly telephone call. In addition to on-site classes, extension programs provide on-site personnel who are available at regular times to help inmates even if the inmate is involved in a self-study course more individually tailored to his needs. The basic difference between these two types of courses is that the universities control and staff the extension programs while prison personnel provide the needed time to help with correspondence courses. Such time required of prison officials is not always easily found, particularly if many prisoners are enrolled in these courses from various universities.

The Department has set as its goal for the Education Program "to educate inmates to render them more knowledgeable, better

8

socialized, and more employable upon release." The Department has made a careful assessment that extension programs are more capable of carrying out this goal. If the Department has applied the prohibition of "good time" credits to all inmates, as the record shows, then Remington is not being denied equal protection. We conclude that the Department has a legitimate interest in promoting inmate education while also preserving the efficient administration of the prison. We conclude that the record establishes that the denial of "good time" credit for correspondence courses has not been arbitrarily made but is reasonably related to a legitimate penological interest.

We hold that a writ of habeas corpus is not appropriate because Remington is not being unconstitutionally restrained of freedom due to the prison's denial of "good time" credits for his successfully completed correspondence courses.

Remington's application for writ of habeas corpus to this Court is denied.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9