NO. 93-207

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and **Respondent,**

**v.**

PATRICK JAMES CAMPBELL,

      Defendant and **Appellant.**

**FILED**

NOV 16 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Patrick James Campbell, Pro se,
          Deer Lodge, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          George **Schunk,** Assistant Attorney General,
          Helena, Montana: Thomas J. **Esch, Flathead**
          County Attorney, Kalispell, Montana

---

Submitted on Briefs: August 26, 1993

Decided: November 16, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Patrick James Campbell appeals from an order of the Eleventh Judicial District Court, Flathead County, denying his petition to vacate sentence.

We affirm.

Appellant raises one issue on appeal, which we rephrase as follows:

Did the District Court err when it denied appellant's request for an independent psychiatric evaluation?

On July 12, 1983, Campbell stole an automobile from a grocery store parking lot in Kalispell. During the police chase, he attempted to smash head-on into a police car. Subsequently, a jury convicted him of felony theft and felony aggravated assault. On February 15, 1984, the court sentenced him to prison terms of four and seven years for theft and aggravated assault, and five years for being a persistent felony offender, all to run consecutively. In addition, the court designated him as a dangerous offender for purposes of parole eligibility.

Campbell appealed his conviction and sentence to this Court in State v. Campbell (1985), 219 Mont. 194, 711 P.2d 1357. In that appeal, we held that § 46-14-202, MCA, does not provide for a second psychiatric evaluation. Campbell, 711 P.2d at 1362. Campbell now raises the same issue nine years after his initial conviction in District Court. We will consider this action as an appeal from a denial for post-conviction relief. Because we have previously ruled on this issue in Campbell's initial appeal, we

2

hold that *resjudicata* precludes Campbell's appeal for post-conviction relief. Hawkins v. State **(1990)**, 242 Mont. 348, 351, 790 **P.2d** 990, 992.

We affirm the decision of the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

3