65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney Allen WEST, Petitioner-Appellant,
v.
WARDEN, MONTANA STATE PRISON; Attorney General of the State
of Montana, Respondents-Appellees.
 No. 95-3500.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Allen West, a Montana state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his jury conviction for felony theft of an automobile. West contends that his due process rights were violated because the state trial court's jury instructions on theft precluded the jury from reaching an unanimous verdict on a particular act constituting the offense. West also contends that his trial counsel and appellate counsel were constitutionally ineffective for failing to challenge the alleged instructional error. The district court determined that West had procedurally defaulted his claims and had not shown cause for the default. We have jurisdiction under 28 U.S.C. Sec. 2253, and review de novo. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). We affirm.
 
 A. Procedural Default
 
 3
 When a state prisoner at one time could have raised his federal claims in state court but did not and is now barred from doing so by a state procedural rule, he has procedurally defaulted his claims. Murray v. Carrier, 477 U.S. 478, 485 (1986); Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir.1994) (when prisoner fails to raise a claim in state court, "a default will result only if that failure constitutes a waiver under state law"). Such defaulted claims are barred from federal review unless the prisoner can show cause for the procedural default and actual prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). An ineffective assistance of counsel violation under the Sixth Amendment may serve as cause for a procedurally defaulted claim. See Murray, 477 U.S. at 488. However, before an ineffective assistance of counsel claim can be asserted as cause, it must have been independently exhausted. Id. at 489.
 
 
 4
 West appealed his conviction to the Supreme Court of Montana, but failed to raise the specific unanimity instruction or ineffective assistance of counsel claims. See State v. West, 800 P.2d 1047 (1990). We agree with West's concession that he has procedurally defaulted his claims because they are now barred by state procedural rules. See Murray, 477 U.S. at 488; Wells, 28 F.3d at 1008; see also Mont.Code Ann. Sec. 46-21-105(2) (1994) ("[w]hen a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended [post-conviction] petition").[1]
 
 
 5
 West asserts ineffective assistance of counsel as cause for his procedural default. The government counters that West could not use his ineffective assistance of counsel claim to establish cause because he had not independently exhausted this claim. We disagree. West has exhausted the claim because he no longer has any state remedies available. See Wells, 28 F.3d at 1008 n. 2 (when prisoner no longer has any state remedies available, he has satisfied exhaustion requirement); see also Mont.Code Ann. Sec. 46-21-105; Mont.Code Ann. Sec. 46-22-101(2).
 
 
 6
 B. Ineffective Assistance of Counsel as Cause
 
 
 7
 In order to establish ineffective assistance of counsel as cause for a procedural default, the petitioner must show that (1) specific acts or omissions of counsel fell below a standard of professional competence and (2) the alleged acts or omissions have prejudiced the petitioner. Murray, 477 U.S. at 488; see also Strickland v. Washington, 466 U.S. 668, 687 (1984) (requirements to establish ineffective assistance of counsel claim); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (no ineffective assistance where counsel failed to raise issue because she foresaw little or no likelihood of success).
 
 
 8
 West argues that he received ineffective assistance of counsel because his trial counsel failed to request a specific jury instruction of unanimity and his appellate counsel failed to challenge the lack of such instruction at trial. However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486. Moreover, contrary to West's claim that the jury could have found him guilty based upon alternative acts constituting theft, the jury instruction focused on one form of theft as defined in Mont.Code Ann. Sec. 45-6-301(1)(6). See Mont.Code Ann. Sec. 45-6-301, Compiler's Comments (1991 amendment) (this section penalizes offender who uses property in a manner which would deprive owner of property of its use).[2] The jury convicted him of the offense instructed and did not need to "reach agreement on the preliminary factual issues which underlie the verdict." Schad v. Arizona, 501 U.S. 624, 632 (1991) (plurality) (quotations omitted); see Jeffries v. Blodgett, 5 F.3d 1180, 1195 (9th Cir.1993). Therefore, West suffered no prejudice. See Strickland, 466 U.S. at 687; Miller, 882 F.2d 1434.
 
 
 9
 Accordingly, West failed to establish ineffective assistance of counsel as cause for his procedural default. See Murray, 477 U.S. at 488. We are therefore barred from reviewing his claims. See Coleman, 501 U.S. at 750.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, West's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court of Montana has regularly applied Sec. 46-21-105. See Dugger v. Adams, 489 U.S. 401, 410-11 n. 6 (1989) (in order for state bar to be adequate, state court must have applied procedural bar in vast majority of cases); see also State v. Baker, No. 94-335, 1995 WL 461562 at * 3 (Mont. Aug. 4, 1995) (explaining that Sec. 46-21-105 will be consistently applied "[u]nless a post-conviction petitioner can demonstrate a fundamental miscarriage of justice"); Kills On Top v. State, No. 94-131, 1995 WL 418727 at * 16 (Mont. July 17, 1995) (listing cases where Sec. 46-21-105 has been applied); State v. Courchene, 847 P.2d 271, 275-76 (1992) (failure to raise on direct appeal precluded post-conviction review of ineffective assistance of counsel claim); State v. Gorder, 792 P.2d 370, 371 (1990) (failure to object jury instruction during trial barred post-conviction review under Sec. 46-21-105)
 State writ of habeas corpus petition may not be available, either. See Mont.Code Ann. Sec. 46-22-101(2) (1994) (state writ of habeas corpus not available to challenge conviction if petitioner has exhausted remedy of appeal); Duncan v. State, 794 P.2d 331, 332 (1990).
 
 
 [2]
 The jury instruction, which was basically patterned after Mont.Code Ann. Sec. 45-6-301(1)(b), stated that "[a] person commits the offense of theft who purposely or knowingly obtains or exerts unauthorized control over property of the owner; and purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property."