No. 95-045

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

ANTHEL L. BROWN and
DEWEY E. COLEMAN,

     Petitioners & Appellants,

  v.

HONORABLE TED MIZNER, District
Judge of the Third Judicial
District of the State of Montana,
Powell County,

     Respondent & Respondent.

**FILED**

SEP 07 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Third Judicial District,
               In and for the County of Powell,
               The Honorable Ted Mizner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Anthel L. Brown and Dewey E. Coleman, Deer Lodge,
          Montana (pro se)

     For Respondent:

          David L. Ohler, Department of Corrections, Helena,
          Montana

Submitted on Briefs:  August 3, 1995

Decided:  September 7, 1995

Filed:

_____
               Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from an order and opinion in the Third Judicial District Court, Powell County, denying Anthel L. Brown and Dewey E. Coleman's petition for additional good-time credits for unit work done prior to July 1982 and denying petitioners' application for habeas corpus.

We affirm.

We consider the following issues on appeal:

1.     Did the District Court abuse its discretion in denying petitioners' additional good time for work done prior to July 1982?

2.     Are petitioners entitled to a writ of habeas corpus based on the Department of Correction's denial of the petitioners' liberty interest in good-time credits for work done prior to July 1982?

This appeal comes to the Court following a disjointed procedural history involving different petitioners. Several inmates at the Montana State Prison filed writs of habeas corpus in the Third Judicial District Court seeking retroactive application of good-time credits in light of a U.S. District Court's decision. In that case, the court ruled that § 53-30-105, MCA, created a protected liberty interest. An interest that ensured the receipt of good time while an inmate was employed by the Montana State Prison. The decision has since been appealed by the Department, and the Ninth Circuit Court reversed and remanded. Lattin v. McCormick (9th Cir. 1995), 46 F.3d 1142.

2

In the meantime, a number of hearings concerning the awarding of additional good time for employment were held in 1993. Basing his decision on a recent Montana Supreme Court case, Judge Robert Boyd, ruled the award of good-time credit was a discretionary determination, and therefore, denied the inmates' petition for writs of habeas corpus. Remington v. Dept. of Corrections (1992), 255 Mont. 480, 844 P.2d 50.

The inmates then appealed to the Supreme Court. Arledge, et al. v. McCormick (1993), 257 Mont. 543, 857 P.2d 738. This Court found for the petitioners on the grounds that the Department of Corrections failed to adopt rules and provide the petitioners with the appropriate good-time credits. The Department filed a motion for rehearing showing that the petitioners had been provided with good-time credits for their employment as unit workers under a recent administrative decision. On July 1, 1993, this Court granted the motion for rehearing and ordered a full and complete record upon which a decision could be made. The order denied the petitioners' writ of mandamus and directed future petitions concerning good-time credits under § 53-30-105, MCA, to be filed with the Third Judicial District Court in order to ensure a full and complete record.

In March 1994, petitioners refiled their petition in the Third Judicial District. Before the hearing in this case, several motions were filed concerning the Department's failure to calculate and provide the additional good-time credits for petitioners. Also, as mentioned earlier, the Department made an important

3

administrative decision to award all inmates, regardless of the status of their employment, good-time credit for work done after July 1982. The petitioners received this additional credit. This left only the question of good-time credits for work done before July 1982.

ISSUE 1

Did the District Court abuse its discretion in denying petitioners additional good time for work done prior to July 1982?

Prior to 1982, the Montana State Prison allotted good-time credit based on custody classifications as provided in § 53-40-105(1), MCA. There was no set departmental policy; inmates were granted good-time credits ranging from 10 to 15 days per month. In July 1982, the Legislature added a second provision concerning good time with regard to employment, § 53-30-132, MCA. Based on this statute, the Department adopted a written policy entitling inmates who participated in specific on-the-job training or vocational work programs to receive 13 days per month of good-time credits, in addition to credit allowable under § 53-30-105(a) - (c), MCA. Prison Inmate Good-time Policy No. 505, October 1, 1982. At this time, petitioners did not qualify under this provision for the extra credits because of their job status as unit workers.

Then, in 1992, the Department adopted a policy allowing the Department to consider all employment when determining good time because of the inherent educational value. Accordingly, petitioners have received retroactive good time for work done prior

4

to 1992, but after July 1982. The basis of petitioners' argument is that if employment is now considered when determining good time based on the educational value, then employment should always have been considered when determining good time.

The petitioners are seeking to expand subsection (d) of § 53-30-105, MCA, concerning education to include employment prior to 1982:

> **53-30-105. Good time allowance.** (1) The department of corrections and human services shall adopt rules providing for the granting of good time allowance for inmates employed in any prison work or activity and to implement subsection (5). The good time allowance shall operate as a credit on the inmate's sentence as imposed by the court, conditioned upon the inmate's good behavior and compliance with the rules made by the department or the warden. The rules adopted by the department under this subsection may not grant good time allowance to exceed:
>
> . . . .
> (d) 13 days per month for those inmates enrolled in school who successfully complete the course of study or who while so enrolled are released from prison by discharge or parole . . . .

However, the plain language of the statute does not provide for, let alone mandate, the award of additional good-time credits based upon employment. The District Court found the Department's discretionary authority for the similar treatment of work and educational pursuits became possible only after the passage of § 53-30-132, MCA.

We hold that the District Court did not abuse its discretion in denying petitioners additional good-time credit for work done prior to July 1982.

5

ISSUE 2

Are petitioners entitled to a writ of habeas corpus based on the Department of Correction's denial of the petitioners' liberty interest in good-time credits for work done prior to July 1982?

A liberty interest may be created by state statute if there are substantive regulations on the exercise of official discretion. Baumann v. Arizona Dept. of Corrections (9th Cir. 1985), 754 F.2d 841. In this case, the petitioners argue their liberty interest lies in the Department's obligation to adopt rules for the granting of good time for inmates employed in "any" prison work or activity under § 53-30-105, MCA.

This Court recently looked at the issue of liberty interests in relation to good time. Remington, 844 P.2d 50. In that case, an inmate argued he had a liberty interest in good time based on his participation in a correspondence course. The Court, in its holding, found the Department had "virtually unfettered discretion" in establishing the rules that govern the application of good time. Remington, 844 P.2d at 52.

Since the Department's grant of authority is entirely permissive; there is no liberty interest created through the substantial statutory regulation of the Department's official discretion. The statute contains no mandated "shalls" for the rules it directs the Department to make. Remington, 844 P.2d at 52. Accordingly, the inmates have no liberty interest in the rules. The petitioners' extension of a liberty interest in the Department's obligation to adopt rules for the granting of good

6

time would be inconsistent with the logic of the Remington decision.

Therefore, we hold that a writ of habeas corpus is inappropriate because the inmates do not have an unconstitutional restraint on their freedom due to the Department's denial of good-time credit. Remington, 844 P.2d at 53.

Petitioners' application for a writ of habeas corpus is denied.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7