Nos. 02-484, 03-248 and 03-486

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 370N

THE STATE OF MONTANA,

        Plaintiff and Respondent,

     v.

WILLIAM MICHAEL KASBEN, a/k/a
JOHNATHAN NELSON,

        Defendant and Appellant.

WILLIAM MICHAEL KASBEN,

        Petitioner,

     v.

MONTANA SIXTH JUDICIAL DISTRICT
COURT, PARK COUNTY, THE HONORABLE
WILLIAM NELS SWANDAL,

        Respondents.

WILLIAM MICHAEL KASBEN,

        Petitioner,

     v.

STATE OF MONTANA, et al.,

        Respondents.

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and For the County of Park, Cause No. DC-96-79,
                Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        William Michael Kasben, Pro Se, Deer Lodge, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; C. Mark Fowler,
        Assistant General, Helena, Montana

        Tara Depuy, County Attorney, Livingston, Montana

Submitted on Briefs:  November 6, 2003

Decided:  December 24, 2003

Filed:

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     In Cause No. 02-484,William Michael Kasben (Kasben) appeals from the order entered by the District Court, upon remand and after hearing, which concluded that Kasben had not delivered or attempted to deliver a request to withdraw his plea or to appeal following his sentencing on December 2, 1996. We affirm. By this opinion and order, we also dismiss Kasben's petition for writ of supervisory control, Cause No. 03-248, and his petition for writ of habeas corpus, Cause No. 03-486. By order dated September 4, 2003, we consolidated the briefing of these matters, and we now consolidate Cause Nos. 02-484, 03-248, and 03-486 for purposes of disposition.

¶3     The issue on appeal in Cause No. 02-484 is whether the District Court's finding that Kasben had not attempted a filing of a request to withdraw his plea or to appeal is supported by substantial evidence.

¶4     Kasben pled guilty in 1996 to felony charges of theft and perjury. The court imposed a ten-year suspended sentence for the theft and a fifteen-year consecutive sentence for the forgery. Kasben did not appeal from the judgment. He did apply for sentence review, and the Sentence Review Division did not modify his sentence.

3

¶5 In April of 2000, Kasben filed a motion to amend judgment and related documents in the District Court, seeking good time credit and a revision of his sentence. In a document filed May 8, 2000, Kasben stated that "I truly did plead guilty to the seven years. . . . I did not appeal for the reason, that if I was given parole, I still only did the time in which I plead to." He added, apparently in reference to his application to the Sentence Review Division, "I did appeal to the wrong court, and now I am holding off to see what happens here."

¶6 On May 12, 2000, the District Court granted Kasben's request for good time credit, but denied the motion to amend his sentence as untimely. Some six months later, in January 2001, Kasben filed an appeal from the order to this Court. On September 6, 2001, we granted the State's motion to dismiss that appeal for lack of jurisdiction, due to the untimely filing of the notice of appeal.

¶7 On July 5, 2001, Kasben filed a petition for writ of habeas corpus with this Court, Cause No. 01-467, challenging the legality of his sentence. We initially entered an order denying the petition on the grounds that it constituted a collateral attack on his sentence, relief which could be sought by way of postconviction proceeding, not by habeas corpus. However, Kasben filed a petition for rehearing in which he asserted that, while incarcerated in the Park County jail in 1996, he had prepared certain handwritten documents requesting withdrawal of his plea and appointment of appellate counsel and had given the documents to the head jailer, who had delivered the documents to Kasben's attorney and the Clerk of Court. Kasben asserted that his attorney and the Clerk of Court had both responded that he could not appeal. We noted that the documents Kasben had prepared could have constituted

4

a timely appeal if Kasben had, in fact, attempted to file them following his sentencing. Therefore, on October 4, 2001, we remanded the matter to the District Court "for a hearing to determine whether the handwritten documents were in fact delivered to the Clerk of Court." The District Court appointed counsel for Kasben, conducted a hearing on May 31, 2002, and entered findings of fact and conclusions of law on June 7, 2002, concluding that Kasben "did not establish by a preponderance of the evidence that he delivered or attempted to deliver his motion to withdraw guilty plea or the other hand written documents . . . at any time after his sentencing . . . ." Kasben appeals therefrom.

¶8     Kasben argues that the District Court's conclusion "does not agree with the testimony that was given at the evidentiary hearing." We review a district court's findings of fact to determine whether they are clearly erroneous. *State v. Olson* (1997), 283 Mont. 27, 30, 938 P.2d 1321, 1324.

¶9     It is appropriate to decide this case pursuant to our order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the issues are factual and there is clearly sufficient evidence to support the findings of fact entered by the District Court, which were also consistent with previous statements made by Kasben in his pleadings, noted herein. The District Court's findings were supported by substantial evidence and are not otherwise clearly erroneous. Consequently, Kasben's claim that he attempted to file an appeal from his original judgment, and his appeal based thereon, must fail. The District Court is affirmed.

¶10 On April 22, 2003, Kasben filed a petition for writ of supervisory control, Cause No. 03-248, which raised numerous issues. On April 29, 2003, we denied all of Kasben's claims therein, excepting his contention that the District Court had never ruled upon a motion for delayed appeal which he had filed therewith. We ordered the State to respond to that single issue, which it did as part of its consolidated briefing.

¶11 Upon review, it is apparent that the issue for which Kasben sought relief by way of his motion for delayed appeal is the same issue which we remanded for consideration by the District Court in Cause No. 02-484. That issue has now been determined by the District Court and has been affirmed herein. The doctrine of res judicata bars relitigation of issues already raised and determined on appeal. *Rudolph v. Day* (1995), 273 Mont. 309, 312, 902 P.2d 1007, 1008. Therefore, the remaining issue raised by Kasben's petition for writ of supervisory control, Cause No. 03-248, is hereby dismissed.

¶12 On July 24, 2003, Kasben filed a petition for writ of habeas corpus, Cause No. 03-486, challenging his 1996 plea and his sentence thereunder. Kasben claims that his change of plea in 1996 to guilty was unlawful because he was made to agree to a probationary sentence recommendation that was premised upon payment of restitution, which he could not pay, and which eventually caused his incarceration. However, Kasben's petition is a collateral attack on his conviction and sentence, for which a writ of habeas corpus is not available. Section 46-22-101(2), MCA. A collateral attack of this nature must be made in a postconviction proceeding for which, for Kasben, the limitation period has expired. Therefore, we dismiss Kasben's petition in Cause No. 03-486.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART