**Vern KILLS ON TOP, Plaintiff–Appellant,**

v.

**Mike MAHONEY, Defendant–Appellee.**

No. 05–35433.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2006.

Submission withdrawn May 10, 2006.

Resubmitted June 15, 2007.

Filed June 20, 2007.

Saor E. Stetler, Esq., Thomson & Stetler, James S. Thomson, Esq., Berkeley, CA, for Plaintiff–Appellant.

C. Mark Fowler, AGMT–Office of the Montana Attorney General, Helena, MT, for Defendant–Appellee.

Before: NOONAN and W. FLETCHER, Circuit Judges, and POLLAK *, Senior District Judge.

## MEMORANDUM **

Petitioner Vern Kills On Top appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court granted a certificate of appealability for two claims: (1) a claim it held was procedurally defaulted and (2) a cumulative error claim it denied on the merits. We reverse the procedural default holding. We affirm the denial of the cumulative error claim. And we deny Petitioner's request for a certificate of appealability for a third claim.

Because the facts are known to the parties, we revisit them only as necessary. *See also Kills On Top v. State*, 279 Mont. 384, 928 P.2d 182, 193–98 (1996) ("*Kills On Top II* ").

## I. Procedural Default

At trial, defense counsel moved for a mistrial because the bailiff and a deputy clerk were wearing "Take a Bite Out of Crime" badges. The court denied the motion, but granted the State's request that the badges be removed.

Citing no legal authority, Petitioner claimed in his direct appeal that the "open display of partiality during the defense of the case communicated a message to the jury" and required reversal of his conviction. The Montana Supreme Court held "that beyond a reasonable doubt these

badges were not significant and did not contribute to the verdict." *See State v. Kills On Top*, 243 Mont. 56, 793 P.2d 1273, 1300 (1990) ("*Kills On Top I* ") (citing the state-law standard for granting a mistrial and the "overwhelming evidence" against Petitioner).

In his state post-conviction petition, Petitioner argued that the wearing of the badges by court personnel denied him a fair trial and due process under the United States and Montana constitutions. He cited *Norris v. Risley*, 918 F.2d 828 (9th Cir.1990) and *Parker v. Gladden*, 385 U.S. 363, 365, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966). The Montana Supreme Court affirmed the dismissal of the constitutional claims on the basis of res judicata. *Kills On Top II*, 928 P.2d at 185–86, 191–92.

The State urges us to uphold the district court's decision below that the claim was procedurally defaulted because, in applying res judicata, "the Montana Supreme Court declined to consider the claim in its federal dress."

The Montana Supreme Court's opinion in *Kills On Top II* contradicts the proposition that it has never considered this claim. The court explained that "res judicata bars reconsideration in a post-conviction relief proceeding of *claims previously raised and considered* on direct appeal." *Id.* at 191 (emphasis added) (quoting *Hawkins v. State*, 242 Mont. 348, 790 P.2d 990, 992 (1990)). The court explained further that "the ends of justice are not served by reaching the merits of the petitioner's claim[ ] *a second time.*" *Id.* at 192 (emphasis added). *Cf. Kills On Top I*, 793 P.2d at 1300.

---

\* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

If we take the Montana Supreme Court at its word in *Kills On Top II* and assume that on direct appeal that court construed Petitioner's request for a reversal on this ground as a federal constitutional claim, then the court's subsequent application of res judicata in *Kills On Top II* does not present a procedural default barring federal review. Prior state adjudication is a prerequisite, not a bar, to federal adjudication. *See Ylst v. Nunnemaker,* 501 U.S. 797, 804 n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* § 4265 n. 10 (2005).

However, even if we were to find that the Montana Supreme Court's application of res judicata in *Kills On Top II* left unclear whether it had previously considered a federal constitutional badge claim, we still could not hold that the claim was procedurally defaulted. When a state court dismisses a claim in post-conviction proceedings and fails to specify clearly whether it has done so because (a) the claim was already presented and cannot be relitigated, or (b) was never presented in the direct appeal and is therefore waived, the state court's order is too ambiguous to preclude federal collateral review. *See Koerner v. Grigas,* 328 F.3d 1039, 1049–53 (9th Cir.2003) ("A claim cannot be both previously litigated and procedurally defaulted; either it was raised in a prior proceeding or it was not. . . . When either ground is a possibility, the choice between them is wholly arbitrary. It is not our role to make such a choice."); *Valerio v. Crawford,* 306 F.3d 742, 773–74 (9th Cir. 2002) (en banc); *Calderon v. United States*

*District Court (Bean),* 96 F.3d 1126, 1131 (9th Cir.1996). The claim is therefore not procedurally defaulted.[1]

Although we decline to reach the merits of this claim in the first instance, we note that Petitioner's claim is not necessarily foreclosed by *Carey v. Musladin,* 549 U.S. ——, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006). The Supreme Court reversed our decision in *Musladin v. Lamarque,* 427 F.3d 653 (9th Cir.2005) because it was not "clearly established" that the test of *Estelle v. Williams,* 425 U.S. 501, 503–06, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) and *Holbrook v. Flynn,* 475 U.S. 560, 568, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986) applied to spectator conduct. *Musladin,* 127 S.Ct. at 653–54; *see also id.* at 656 (Kennedy, J., concurring in the judgment) (citing the "well established" and "fundamental principle of due process" that "[t]rials must be free from a coercive or intimidating atmosphere"). In contrast with *Musladin,* Petitioner's claim involves the wearing of buttons by a deputy clerk and the bailiff responsible for escorting the jurors to and from the courtroom.

## II. Cumulative Error

The district court did not err in denying Petitioner's cumulative error claim based on the errors it considered. Petitioner has failed to show that these errors "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *Fry v. Pliler,* —— U.S. ——,

---

1. Notably, the State has not argued that Mont. Code. Ann. § 46–21–105(2) bars review of this claim; nor has a Montana court so held. We therefore decline to consider that rule's adequacy as a procedural bar to Petitioner's claim and express no view regarding the district court's conclusion below that § 46–21–105(2) was not an adequate bar. *Valerio,* 306 F.3d at 773 ("In order for a state procedural rule to serve as an adequate state ground, it must . . . . be actually relied on in the particular case in question.").

——, 127 S.Ct. 2321, 2325, 168 L.Ed.2d 16 (2007).

### III.   Certificate of Appealability

We deny a certificate of appealability on Petitioner's claim under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) for the reasons stated by the district court. Petitioner has not shown that reasonable jurists could disagree on the merits of the claim. *See Beardslee v. Brown,* 393 F.3d 899, 901 (9th Cir.2004).

### Conclusion

We reverse the procedural default holding. We affirm the denial of Petitioner's cumulative error claim based on the errors then found. We decline to issue a certificate of appealability as to the *Brady* claim. We remand for further proceedings not inconsistent with this memorandum. Each party shall bear its own costs on appeal.

REVERSED IN PART, AFFIRMED IN PART, and REMANDED.